

NUMBER 13-11-00332-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHARLOTTE HEARN,                                                    Appellant,

v.

KATHRYN SNAPKA,                                                    Appellee.

### On appeal from the 214th District Court
### of Nueces County, Texas.

# DISSENTING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Dissenting Memorandum Opinion by Justice Vela**

The majority holds that Hearn failed to raise fact issues on the "suit-within-a-suit" requirement and the amount of damages that would have been recoverable and collectible had the suit been properly prosecuted. The majority also refers to the motion filed by Snapka as a hybrid motion for summary judgment. Because I believe Hearn's

summary judgment evidence was sufficient to raise fact issues that should have negated the granting of a summary judgment, I respectfully dissent.

The record shows that Hearn was diagnosed with papillary mesothelioma related to asbestos exposure in 2004. The record is undisputed that Hearn suffered from well differentiated papillary mesothelioma ("WDPM"), which is a rare form of mesothelioma. By July 2004, Hearn had retained Snapka to represent her with respect to her asbestos-related claims. On January 23, 2006, Snapka filed an asbestos lawsuit against Alcoa, Inc., Hearn's former employer. The lawsuit was removed to federal court, and in 2009, summary judgment was granted in favor of Alcoa because Hearn's claims were barred by the exclusivity provision of the workers' compensation statute.

Snapka moved for a no-evidence motion for summary judgment, urging that Hearn had produced no evidence that "but for" Snapka's alleged negligence, Hearn would have successfully proved the liability of Alcoa and the companies or entities that manufactured or supplied the asbestos products to which Hearn was exposed. The motion also stated that Hearn had not provided a scintilla of evidence that she could prove and obtain findings with respect to the amount of damages that would have been recoverable and collectible if the case had been prosecuted in the manner Hearn alleged would have been proper.

At the outset, I note that the majority treats Snapka's motion for summary judgment as a hybrid motion; however, the motion was called a "No Evidence Motion for Summary Judgment" and should be reviewed accordingly. I would then hold that the affidavit of Mark Iola was sufficient to raise a fact issue that but for Snapka's alleged negligence, Hearn would have received substantial damages from settlement of her tort claims and

from resolution of Hearn's administrative bankruptcy claims. Iola's affidavit established that in 2004 and 2005, claims for mesothelioma, including WDPM, survived summary judgment as long as there was evidence of occupational exposure to the product or equipment manufactured by the defendant. Iola opined that administrative claims should have been filed on Hearn's behalf with several bankruptcy trusts and, if that had happened, Hearn would have received substantial sums as a result. Specifically, Iola opined: "In fact, I am aware that, merely by averring Ms. Hearn worked at the Alcoa Point Comfort facility (and showing that she has mesothelioma), Ms. Hearn would have qualified to receive compensation from several bankruptcy trusts, including: Owens Corning, Fibreboard, Manville and J.T. Thorpe."

In 1994, Congress statutorily dealt with asbestos-related bankruptcies. A reorganization plan, under the statute, created trusts, which processed claims through procedures voted on by the claimants and approved by the bankruptcy court. Medical and exposure criteria were set forth in documents called the "Trust Distribution Procedures." Lester Brickman, *Ethical Issues in Asbestos Litigation*, 33 HOFSTRA L. REV. 833, 869 (2005). The trust distribution procedures allowed "substantial portions of trusts' assets to be paid out irrespective of whether claimants are actually injured or were sufficiently exposed to defendants' products for that to have been a substantive factor in causing their injury." *Id.* at 870.

Iola's affidavit is evidence that if Snapka had met the standard of care and filed administrative claims with the various bankruptcy trusts, Hearn would have recovered a settlement. His affidavit was based upon his personal knowledge and experience with respect to how those particular claims were handled at the relevant period of time. Thus,

3

I would hold that Hearn created a fact issue with respect to whether Hearn could have recovered under the bankruptcy trusts, precluding a no-evidence summary judgment.

I would not apply *Borg-Warner* to this case. *Borg-Warner Corp.v. Flores,* 232 S.W.3d 765 (Tex. 2007). Several legal articles, written after *Borg-Warner,* noted it as a change in the law. *See, e.g.,* Thomas L. Arnold, *Toxic Tort—Causation in Asbestos Claims—The Texas Supreme Court Creates New Causation Requirement and Leaves Numerous Victims Without a Remedy*, 61 SMU L. REV. 487 (2008); Julie Offerman, "*The Dose Makes the Poison": Specific Causation in Texas Asbestos Cases After Borg-Warner*, 41 TEX. TECH. L. REV. 709, 721 (2009); John S. Gray, *"Some" is no Longer Enough in Toxic Tort Cases*, 45 HOU. LAWYER 54 (October 2007). Thus, I would agree with Hearn that the requirements, as stated in *Borg-Warner*, would not have applied to her underlying case that was filed before *Borg-Warner* was issued. I would reverse and remand the case to the trial court.

ROSE VELA
Justice

Delivered and filed the 28th
day of December, 2012.

4